CASE NO. 25-03751

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON: DIVISION

**ERNESTO SIMPSON**

*Appellant,*

*vs.*

**PCF PROPERTIES IN TEXAS LLC.,**

*Appellee*

United States Courts
Southern District of Texas
FILED

OCT 1 7 2025

Nathan Ochsner, Clerk of Court

On Appeal from the United States Bankruptcy Court
for the Southern District of Texas; Houston Division
Bankruptcy Case No. 25-03609

### APPELLANTS OPENDING BRIEF

Respectfully submitted

/s/ **Ernesto Simpson**
Ernesto Simpson Pro, Se
8202 Terra Valley Lane
Tomball Tx. 77375

ernestosimpson122@gmail.com

## TABLE OF CONTENTS

INTERESTED PARTIES…………………………………………………………..iii

STATEMENT REGARDING ORAL ARGUMENT…………………………….iv

TABLE OF AUTHORITIES………………………………………………… …v,vi

I. JURISDICTIONAL STATEMENT ……………………………………………..1

II. STATEMENT OF ISSUES……………………………………………….,1

III. STATEMENT OF THE CASE…………………………………………….2,3

IV.  STATEMENT OF FACTS……………………………………………….4,7

V.  SUMMARY OF ARGUMENT ……………………………………………..7,8

VI. STANDARD OF REVIEW…………………………………………….8

VII.  ARGUMENTS

A.  Whether the Bankruptcy court's lacked subject matter jurisdiction over state court claims that were adjudicated and dismissed prior to removal………...............................................................................................9,11

B.  Whether the bankruptcy court lacks "related to" jurisdiction over the non-debtors dismissed and disposed state law claims………………..11,14

C.  Whether the bankruptcy court lacked subject matter jurisdiction to sit as appellate court to review state court claims…………………………..14, 17

D.  Whether the Bankruptcy Court erred in determining that it held contempt authority by holding the Appellant in contempt for refusing to commit an voluntary act in violation of due process rights……..17,20

E.  Whether the Bankruptcy Court lacks jurisdiction to issue *nunc pro tunc* orders  to earlier date at time when the court had no subject matter jurisdiction………………………………………………………..20,22

i

CONCLUSION.................................................................................23

CERTIFICATE OF COMPLIANCE………………………………………..24

CERTIFICATE OF SERVICE………………………………………….…25

## INTERESTED PARTIES

The undersigned appellant certifies that the following listed entity are the true and correct parties to this appeal:

1. Ernesto Simpson

   Attorney James M. Andersen
   P.O. Box 58554
   Webster, Texas  77598-8554
   Tel: (281) 488-2800
   Fax: (281) 480-1190
   Jandersen.law@gmail.com

2. PCF Properties in Texas LLC

   Alzadia Spires
   17515 Spring Cypress
   Cypress Tx 77429
   alzadia@spireslawfirm.com

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not seeks oral arguments as the brief submitted to this court presents no disputed issues of fact in this case. The issues presented for review are purely questions of law, involving interpretations of the Bankruptcy Code and interpretations of state law with regard to the ultimate question of whether the bankruptcy court had jurisdiction.

# TABLE OF AUTHORITIES

*Archdiocese of San Juan v. Acevedo Feliciano,*
   140 S. Ct. 696 (2020)..............................................................................20

*Celotex Corp. v. Edwards,*
   514 U.S. 300, 308, 115 S. Ct. 1493 (1995)....................................................13

*Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re
Nat'l Gypsum Co.),* 208 F.3d 498, 504 (5th Cir.), cert. denied,
531 U.S. 871 (2000)................................................................................9

*Cuebas y Arredondo v. Cuebas y Arredondo,*
   223 U. S. 376, 390 (1912).......................................................................21

*District of Columbia Court of Appeals v. Feldman,*
   460 U.S. 462 (1983)..............................................................................11

*Enron Corp. Secs. v. Enron Corp. (In re Enron Corp. Secs.),*
   2005 U.S. Dist. LEXIS 34029, at \*15-16
   (S.D. Tex. July 25, 2005).........................................................................9

*Gilani v. Wynn Las Vegas, L.L.C. (In re Gilani),*
   No. 23-40477, 2024 U.S. App. LEXIS 2049,
   at \*6 (5th Cir. 2024).............................................................................16

*Huddleston v. Nelson Bunker Hunt Trust Estate,*
   109 B.R. 197, 201 (N.D. Tex. 1989)............................................................13

*In re James,*
   940 F.2d 46, 52 (3d Cir. 1991)..................................................................17

*In re Hipp, Inc.,*
   895 F.2d 1503, 1517 (5th Cir. 1990)...........................................................19

*In re Terrebonne Fuel & Lube, Inc.,*
   108 F.3d 609, 612–13 (5th Cir. 1997)..........................................................17

*In re Wood,*
825 F.2d 90, 91 (5th Cir. 1987)..................................................................17

*Missouri v. Jenkins,*
   495 U. S. 33, 49 (1990)……………………………………………………………21

*Northern Pipeline Construction Co. v. Marathon Pipeline Co.,*
   458 U.S. 50, 87 (1982)……………………………………………………………8

*Oviedo v. Hallbauer.*
   655 F.3d 419, 422 (5th Cir. 2011)……………………………………………7,10.14

*Robertson v. Dennis (In re Dennis),*
   330 F.3d 696, 701 (5th Cir. 2003)……………………………………………9

<u>*Rooker v. Fidelity Trust Co*</u>
   263 U.S. 413 (1923)……………………………………………………………11

<u>*Travelers v. Bailey,*</u>
   — U.S. —, 129 S. Ct. 2195, 2203 (2009)…………………………………………13

*Wood v. Wood* (In re Wood),
   825 F.2d 90, 96–97 (5th Cir. 1987)……………………………………………13,14

**Federal Statutes**

28 U.S.C. §§ 157……………………………………………………………………1
28 U.S.C. §§1334……………………………………………………………………1
<u>28</u> U.S.C.§ <u>1446 (a)</u>………………………………………………………………7
28 U.S.C. §§ 1334(b)………………………………………………………………10
28 U.S.C. §§ 1452(a )………………………………………………………………10
28 U.S.C. § 1452……………………………………………………………………11
28  U.S.C.  §157(b)(1)………………………………………………………………17
28  U.S.C.  §157(c)(1)………………………………………………………………17

# TABLE OF CONTENTS

## JURISDICTIONAL STATEMENT

This is an appeal by the Appellant Ernesto Simpson from orders entered on August 7 2025, [App. Tab 2] (the "Order"), and [App. Tab 3] (the "Order").the orders judgment constitutes final judgments. The Bankruptcy Court lack jurisdiction over the matter under 28 U.S.C. §§ 157 and 1334 and the matter was not a core proceeding under 28 U.S.C. § 157(b). The Appellant timely filed a Notice of Appeal from the Court's orders [App Tab 4] on August 10,2025, This Court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1).

## STATEMENT OF ISSUES

(1) Whether the Bankruptcy court's lacked subject matter jurisdiction over state court claims that were adjudicated and dismissed prior to removal

(2) Whether the bankruptcy court lacks "related to" jurisdiction over the non-debtors dismissed and disposed state law claims

(3) Whether bankruptcy court lacked subject matter jurisdiction to sit as appellate court to review state court claims.

(4) Whether the Bankruptcy Court erred in determining that it held contempt authority by holding the Appellant in contempt

(5). Whether bankruptcy court erred in issuing *nunc pro tunc* orders effective as of an earlier date at which time the court had no subject matter jurisdiction.

1 | P a g e

## STATEMENT OF THE CASE

On April 29, 2025, the Ernesto Simpson (the "Appellant") filed a cause of action for illegal lock-out without any order from any court at law against the Appellee PCF Properties in Texas LLC , in the Civil County Court at Law (2) case No. 1249845. (App. Tab. 4 and 5).

To settle the suit the Appellant and Apellee entered into a Agreed to Temporary Injunction. Thereinafter a "Rule 11 Agreement "and" Agreed Final Judgment" all which was signed and approved by the state court. Thereinafter the state closed and disposed of the case with prejudice, on May 8, 2025. (App. Tab. 6).

On May 19, 2025, Non-Party P.C.F. PROPERTIES IN TX,LLC, [a similar named entity but unrelated to PCF Properties in Texas LLC.] after the May 8,2025, judgment filed an "Emergency Motion to Stay Issuance of Writ of Possession Request for Hearing and for Sanctions" instead first filing a Plea in Intervention as means to intervene in the case claiming fraud on the court. (App. Tab. 7).

On May 29, 2025, Appellant counsel Attorney James M. Andersen together

with the Appellee counsel Attorney Alazida Spies filed an Objection on the grounds that when a non-party seeks intervention after judgment, *may not* move for a new trial or file a post- judgment motion to extend the court's plenary jurisdiction unless the non-party successfully intervenes in this case post-judgment if both its plea is filed and the judgment is set aside within thirty (30) days of the date of the judgment being signed. *State & County Mut.*, 915 S.W.2d at 227.  No Plea had been filed and the May 8, 2025, judgment was never set aside.

The Honorable Judge Jim F. Kovach of Civil County Court at Law (2),set hearing on the "Motion to Vacate" based on the allegation of "fraud on the court" first on June 3, 2025, was cancelled as no Plea to Intervention filed.

Non-Party P.C.F. PROPERTIES IN TX, LLC, set its "Motion to Vacate" for July 8, 2025, after the court plenary power had expired the Court still held the hearing issued no ruling and refused to set its May 8, 2025, judgment aside due to fraud on the court.

Non-Party P.C.F. PROPERTIES IN TX, LLC, sought reconsideration and set its "Motion to Vacate" for two hearings on August 5, 2025. The first hearing was held at 10:45 a.m., and the court refused to set its May 8, 2025, judgment aside due to fraud on the court. The second hearing was held at 11:99 a.m., and the court refused to set its May 8, 2025, judgment aside due to fraud on the court. (App.

Tab. 8). The state court action remained closed and dispose of as May 8,2025, and no timely notice of appeals have been filed .

## STATEMENT OF FACTS

On August 3, 2025, Appellant, counsel Attorney James M. Andersen in filed a "Notice of Removal "seeking to remove the case styled as *Ernesto Simpson vs. PCF Properties in Texas LLC*, from the County Court at Law (2) Harris County, Texas case No. 1249845, almost three (3) after the case had already been adjudicated into a final judgment closed and disposed dismissed with prejudice on May 8, 2025 , to the U.S. Southern District Court of Texas: Houston case. No. 25-cv-03586.

On August 3, 2025, U.S. Southern District Court referred the state court moot closed and disposed of case [dismissed] with prejudice to the U.S. Southern Bankruptcy Court of Texas: Houston Division case. No. 25-03609, as an adversary proceeding.  Notice of Removal was amended on August 6, 2025, (App. Tab No. 9).

Prior to the August 3, 2025, purported removal neither the Appellant nor the Appellee had not filed any petition in any bankruptcy court thereby were not debtors.  Elizabeth Thomas as never the debtor in this or a party. According the

bankruptcy court docket sheet prepared on August 3, 2025, the underlying main bankruptcy associated with the adversary proceeding is BK No. 99-99999, "Out of District Main Case" Chapter 7, debtor name is "Created for Statistical Purposes" this case filed on July 11, 2011 and was closed July 25, 2011. (App. Tab No. 10).

On August 5, 2025, the bankruptcy court issued an "Order for Emergency Hearing In Person Attendance Required" in that on August 7, 2025, the bankruptcy court will hold a ***evidentiary hearing***. The Court ordered that counsel and witnesses may not appear remotely Appellant, is ordered to appear.

On August 6, 2025, Appellant due to being homeless had returned back to New York, and was involved in a car accident and was hospitalized and filed a Ex Parte Motion for a Continuance. That was denied. (App. Tab 10.)

On August 6, 2025, the Appellant filed a "Suggestion of Bankruptcy and Stay of Proceedings" after filing a filed an Chapter 7, Petition (the "Petition Date"), for relief under Title 11 of the United States Code, 11 U.S.C. §§ 101et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court Southern District of New York commencing Case No. 25-11742 invoking the automatic stay pursuant to Section 362 of the Bankruptcy Code.

On August 7, 2025, after the bankruptcy court sat as a appellate court to review the state court judgment due to disagreeing with the state court holding

4( four) hearing and thereinafter refused to vacate its May 8,2024 judgment or find fraud on the court.

On August 7, 2025, the bankruptcy court reinstated the state court May 8, 2025, judgment and after the evidentiary hearing with just Non-Party P.C.F. Properties in TX, LLC, counsel was in attendance found that the Appellant and its Attorney Andersen committed fraud on the state court by failings to appraise the state court that the alleged owner of the property is P.C.F. Properties in TX, LLC.[1] Thereby upon the purported removal of the state case to the bankruptcy court the Appellant and his counsel Attorney Andersen committed fraud on the bankruptcy court as such are in contempt court.

On August 7, 2025, the bankruptcy court, while sitting as a appellate court in a non core proceeding issued a "Civil Contempt Order "which in essence is a "Criminal Contempt Order" directing the U.S. Marshals to pick up both the Petitioner and Attorney Andersen and hold in confinement until they execute a motion to *voluntarily* dismiss this adversary proceeding with prejudice, they will be held in confinement with the ability to sign. (App. Tab 2).

---

[1]According to the Texas Secretary of State P.C.F. Properties in TX, LLC, certificate of fact this entity lacks a legal existence due to never being formed.

App. 11.

On August 7, 2025, the bankruptcy court, while sitting as a appellate court issued *nunc pro tunc* "Orders Vacating Certain Orders Issued Prior to Removal" a earlier period of time when the bankruptcy court never held jurisdiction (App. Tab 3 ).

## SUMMARY OF THE ARGUMENT

Case law in this Circuit establishes, that a state court action that has already been adjudicated into a final judgment and the time for filing direct appeals has pass ***cannot*** be removed because the case is over and decided. *See: Oviedo v. Hallbauer*, 655 F.3d 419, 422 (5th Cir. 2011) ("Emphasizing the total finality of the state case here, we hold that it cannot [be removed]."). In Oviedo, the U.S. Fifth Circuit concluded that, at the time of removal, "there was no pending case to remove, inasmuch as nothing remained for the state courts to do but execute the judgment. Removal is simply ***not possible*** after a final judgment and the time for direct appellate review has run." Id. at 423-24. Subdivision (a)(2) of 28 U.S.C.§ 1446 (a), governs situations in which there is litigation ***pending*** and a party to that litigation becomes a *debtor* under the Bankruptcy Code and requires that a reviewing court determine whether the bankruptcy court could colorably assert that it had "related

to" subject-matter jurisdiction based on a finding that the outcome of the dispute could have a "conceivable effect" on the debtor's bankruptcy estate.

Here there was never a debtor as shown on the bankruptcy court own docket sheet the lead bankruptcy case is No, is 99-99999, a "Out of District Main Case" an Chapter 7 bankruptcy the debtor name is "Created for Statistical Purposes" filed on July 11, 2011 and closed July 25,2011. There is no active debtor involve in this adversary proceeding. A bankruptcy court subject matter jurisdiction exists pursuant to section 1334(b) over ***debtors*** or ***claims against debtors***.    You cannot have two non-debtors litigating state law enforcement claims of a judgment in bankruptcy court without a debtor. *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 87 (1982). The very existence of a bankruptcy case, and therefore a bankruptcy court's jurisdiction over claims, depends on a debtor having filed a petition and there is a jurisdictional relationship between state law claims and a bankruptcy case: The case's foundation is the debtor. A bankruptcy case is commenced by a "debtor" filing a petition in the same bankruptcy court where the adversary is pending. This action is what establishes the bankruptcy estate and grants the federal bankruptcy court jurisdiction over the debtor's property and financial affairs. Bankruptcy jurisdiction depends on the debtor's estate. A bankruptcy court can hear state law claims ***only if*** they "arise in" or are "related to" the core

8.| P a g e

bankruptcy case involving a debtor. " *Stern v. Marshall*'s general rule is that a bankruptcy court may not issue a final order or judgment on matters that are within the exclusive authority of Article III courts.

## STANDARD OF REVIEW

In a bankruptcy appeal, district courts review bankruptcy court rulings and decisions under the same standards employed by federal courts of appeal: a bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law de novo. See *Robertson v. Dennis* (*In re Dennis*), 330 F.3d 696, 701 (5th Cir. 2003); *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust* (*In re Nat'l Gypsum Co.*), 208 F.3d 498, 504 (5th Cir.), cert. denied, 531 U.S. 871 (2000). Mixed questions of law and fact are reviewed "either de novo or under the clearly erroneous standard depending on whether the question is predominantly legal or factual."

## ARGUMENTS

### A. Bankruptcy court's lacked subject matter jurisdiction over state court claims that were adjudicated and dismissed prior to removal.

A Federal district (including bankruptcy courts) must determine its jurisdiction based on the pleadings as of the time Petitioner filed its notice of removal on August 3, 2025. To determine whether jurisdiction is present for

removal, the Fifth Circuit consider the claims in the state court petition as they existed at the time of removal."); *Enron Corp. Secs. v. Enron Corp.* (*In re Enron Corp. Secs.*), 2005 U.S. Dist. LEXIS 34029, at *15-16 (S.D. Tex. July 25, 2005) ("Jurisdiction is determined at the time of removal and the right to remove depends on the *plaintiff's* pleading at the time of petition for removal ... The same is true for removals under the much broader grant of 'related to' bankruptcy jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) (internal citations omitted).

According to the Petitioner pleadings:   On August 3, 2025, the time the Petitioner "Notice of Removal" was filed seeking to remove the case styled as Ernesto *Simpson vs.PCF Properties in Texas LLC.,* from the Civil County at Law (2) under cause No. 1249845 to the U.S. Southern District of Texas; Houston Division into case No. 25-cv-03586, the Petitioner pleaded that his state law

claims had already been adjudicated into a final judgment disposed of and dismissed with prejudice on May 8, 2025. The thirty (30) day period for filing a direct appeal had also passed with no appeal being filed.

Appellant pleadings on August 3, 2025, stated that the state court claims had already been adjudicated into final judgments dispose of and dismiss with prejudice on May 8, 2025, the case *could not have been* removed, because the

case is over and decided.    See *Oviedo v. Hallbauer*, 655 F.3d 419, 422 (5th Cir. 2011) ("Emphasizing the total finality of the state case here, we hold that it ***cannot*** [be removed].").    In *Oviedo*, the Fifth Circuit concluded that, at the time of removal, "there was no pending case to remove, inasmuch as nothing remained for the state courts to do but execute the judgment.    Removal is simply *"**not possible"*** after a final judgment and the time for direct appellate review has run."    Id. at 423-24.

Here the Appellant counsel on August 3, 2025, never removed a pending state court case because the state court had had been adjudicated, dismissed with prejudice on May 8, 2025, and the time for filing an appeal had long passed with no appeal being filed. A subsequent attempt to revive already-dismissed claims in the bankruptcy court is not permitted, as the bankruptcy court cannot act as an appellate body for the state court's pre-removal decisions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).    Like all federal courts, bankruptcy courts have a limited, statutory jurisdiction. They *cannot* expand their authority to revive claims that were properly disposed of by a state court *before* the removal occurred. U.S.C. § 1452, governs removal in a situation in which a state court litigation is ***pending*** on August 3, 2025, there was simply was no pending state court case to remove,

to federal court as such there  no pending case referred or to the bankruptcy court.

**B.    The bankruptcy court lacks "related to" jurisdiction over the non-debtors dismissed and disposed state law claims.**

In the Fifth Circuit, an adversary proceeding either "arises under "or "arises in" or is "related to" a bankruptcy case and ***cannot*** continue without an underlying bankruptcy case.  First to consider is the fact that the bankruptcy court's subject-matter jurisdiction over adversary proceedings depends on claims or causes of action connection to a main bankruptcy case. Under 28 U.S.C. § 1334, a federal district court—and by extension, the bankruptcy court—can  have jurisdiction over a proceeding that is either "arising under," "arising in," or "related to" a case under Title 11 of the Bankruptcy Code.  By definition, the  jurisdictional predicate for bankruptcy court Jurisdiction over the adversary proceeding is the existence of the main bankruptcy case under Title 11 of the U.S. Code. While an  adversary  proceeding  is  a  separate  docketed  lawsuit  within  the  larger bankruptcy case, it is not a ***standalone action.*** The adversary proceeding i.e., the dispute must affect the assets of the bankruptcy estate, but the validity of the proceeding "***depends on the estate's existence.***"

Here according to the bankruptcy court own docket sheet created on August 3, 2025, the date of referral from the district court to the bankruptcy court shows the

underlying main bankruptcy associated with the adversary proceeding is BK No. 99-99999, an "Out of District Main Case" a Chapter 7, debtors name is "Created for Statistical Purposes" the case was opened on July 11, 2011 and as closed July 25, 2011. Therefore their exist no active underlying main bankruptcy case on August 3, 2025, to the present time and their exist no debtor bankruptcy estate to administer.

The Court, therefore, is required in the first instance to determine de novo whether the Bankruptcy Court had "colorable" authority under its "related to" jurisdictional authority. Cf., *Travelers v. Bailey*, — U.S. —, 129 S. Ct. 2195, 2203 (2009) (on direct review of an order enjoining actions between non-debtors, "the Court of Appeals would indeed have been duty bound to consider whether the Bankruptcy Court had acted beyond its subject-matter jurisdiction"); *Huddleston v. Nelson Bunker Hunt Trust Estate*, 109 B.R. 197, 201 (N.D. Tex. 1989) (in refusing to dismiss appeal of confirmation order that enjoined future litigation by nondebtors against the banks on mootness grounds, court states "[a]n appellate court is under a duty … to ensure that the lower court has not exceeded its jurisdiction"). The U.S. Supreme Court stated in *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 115 S. Ct. 1493 (1995), that a bankruptcy court's "related to" jurisdiction is broad, but "cannot be limitless." Id. at 1499. Since then, this Circuit has held that whether "related to"

jurisdiction exists depends on "whether [the] litigation has a significant connection with a pending bankruptcy proceeding," and that this connection–in turn–depends upon "whether its outcome might have any 'conceivable effect' on the bankrupt estate." _Wood v. Wood_ (In re Wood), 825 F.2d 90, 96–97 (5th Cir. 1987). "But whatever test is used," the Supreme Court noted in _Celotex,_ they all "make clear that bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." Celotex, 514 U.S. at 308 n.6, 115 S. Ct. 1499 n.6.

Here the main Chapter 7 bankruptcy case No. 99-99999, associated with the adversary proceedings was already dismissed on July 25, 2011, the time the Appellant attempted to invoke bankruptcy jurisdiction on August 3, 2025." Bass, 171F.3d at 1022.

Therefore the Appellate May 5, 2025, dismissed state law claims could not have had any conceivable effect on a debtor bankruptcy estate, a requirement for "related to" jurisdiction.  The state law claim had already been legally extinguished, prior to removal to the bankruptcy court so its outcome will not alter the debtor's rights, liabilities, or property of the estate  as such cannot not be "related to" the  bankruptcy estate. See _Wood v. Wood_ (In re Wood), 825 F.2d 90, 96–97 (5th Cir. 1987). The dismissed state law claim would not have any conceivable impact or effect "upon the handling and administration of the

bankruptcy estate." Because the bankruptcy case was closed as of July 25, 2011, before the Adversary a proceeding was filed, on August 3, 2025, no bankruptcy estate was in existence. _Bass_, 171 F.3d at 1023. A bankruptcy court jurisdiction depends on the debtor's estate and here no estate or debtor exists.

## C. Bankruptcy court lacks subject matter jurisdiction to sit as appellate court to review state court claims.

Again on August 3, 2025, the Appellant counsel Attorney Andersen never removed a state case to federal court or the bankruptcy court because there was no pending case to remove the state court case had already been dismissed and disposed with prejudice on May 8, 2025. _See. Oviedo v. Hallbauer_, 655 F.3d 419, 422 (5th Cir. 2011).

Instead on or about August 7, 2025, the bankruptcy court reinstated the state court action so as to sit as an appellate court to re-litigate the state law claims federally, due to disagreeing with the state court refusal to set aside its May 8, 2025 judgment or find fraud on the court after holding 4 (four)hearings.

The bankruptcy reinstated the state court action and realigned the defendants by removing PCF Properties in Texas LLC, as the state court defendant and naming P.C.F. Properties in TX, LLC as the defendant. Thereby making P.C.F. Properties in TX, LLC, the defendant a party to the May 8, 2025, judgment.

Thereinafter the bankruptcy court held evidentiary hearing on August 7, 2025, on P.C.F. Properties in TX, LLC, "Emergency Motion to Vacate Agreed Final Judgment and Permanent Injunction" and Emergency Motion to Stay Issuance of Writ of Possession, Request for Hearing and for Sanctions" claiming fraud on the court. This the same Motion filed in the state court on May 19, 2025, that was already heard more than four (4) times in state court and was rejected. Only P.C.F. Properties in TX, LLC, counsel was in attendance at the hearing.

After On August 7, 2025, the bankruptcy court while sitting as a appellate court after a evidentiary hearing ruled that Appellant and his Attorney Andersen had committed fraud on the state court: "on the grounds that Petitioner an Attorney Andersen failure to notify the state court that the true owner of the property allegedly is P.C.F. Properties in TX, LLC., [this is same entity that the Texas Secretary of State has "deemed is non-extent due to never being form]." The bankruptcy court also found that upon removal of the state case to bankruptcy Appellant and his Attorney Andersen committed fraud on the bankruptcy court." As such are in contempt of court.

In re Gilani Rooker-Feldman Application – The Fifth Circuit decision In re Gilani displays the continued ways in which the federal judiciary utilizes the doctrine to preclude state court actions. *Gilani v. Wynn Las Vegas, L.L.C.* (In re

Gilani), No. 23-40477, 2024 U.S. App. LEXIS 2049, at *6 (5th Cir. 2024).

*In re Gilani* presents a "paradigm" RookerFeldman situation where a state court judgment for breach of contract against the debtor precluded him from seeking relitigation in federal court, which he sought to bring to combat what he thought was a "void [state court] judgment."

The Fifth Circuit held as outlined in *In re Gilani* that it "did not matter whether a federal district or appellate court agreed or disagreed with the state-court judgment." *See id.* at *6. Regardless of the possibility of a wrongfully decided outcome, the Fifth Circuit concluded that the proper course of action was for state appellate court review instead of the federal courts. *See id.* Therefore, the Fifth Circuit affirmed the district court decision to dismiss the debtor's motion on jurisdictional grounds. *See id.* at *8. The lower federal courts lack appellate jurisdiction; thus they do not hear state court judgment appeals. See 28 U.S.C.S. §§ 1331–1332, 1334. Bankruptcy courts cannot vacate a state court judgment, and relitigate it federally, for the sole purpose of disagreeing with the result. See *In re James*, 940 F.2d 46, 52 (3d Cir. 1991). The Supreme Court is the only federal court authorized to review state court judgments. See 28 U.S.C. § 1257; *Rooker*, 263 U.S. 413 (1923); *Feldman*, 460 U.S. 462 (1983).

**D. The Bankruptcy Court erred in determining that it held contempt authority by holding the Appellant in contempt for refusing to commit an voluntary act in violation of due process rights.**

A bankruptcy court may issue civil contempt orders. *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 612–13 (5th Cir. 1997). A bankruptcy court may exercise full judicial power *only* in a core proceedings. *In re Wood*, 825 F.2d 90, 91 (5th Cir. 1987); *see also* 28 U.S.C. §157(b)(1) (giving bankruptcy court full jurisdiction over core matters); *id.* §157(c)(1) (giving bankruptcy courts only recommendation authority over non-core matters that are merely "related to" a bankruptcy case). A proceeding is core only if it either arises under the Bankruptcy Code or "would have no existence outside of the bankruptcy" proceeding." *Wood*, 825 F.2d at 96–97 and involves the administration of a debtor's estate. Here there is no debtor or a debtor estate to administer.

Adversary proceeding disputes must relate to the bankruptcy case. Without a bankruptcy case, the court lacks the subject matter jurisdiction to resolve the dispute. If there is no bankruptcy case, there is no bankruptcy estate to administer.

This is what is happening in this case on August 3, 2025, Appellant never removed a pending state case to the bankruptcy court since there was no pending state case to remove. Appellant is presently being held in contempt of court. The

basis for the contempt is that on August 7, 2025 the bankruptcy court ruled that upon removal of the state court case to the bankruptcy court Petitioner and Attorney Andersen committed fraud on the court.

This is despite the fact that on August 3, 2015,  no  pending case was never removed to the bankruptcy court having been dismissed after final judgment with prejudice on May 5,2025, the Fifth Circuit has ruled removal  is *"not possible"* after a final judgment there was no pending state case to remove. Appellant never removed the state court case to the bankruptcy court thereby committed no fraud on the court.

On August 3, 2025, the same date of referral from the district court to the bankruptcy court shows the underlying main bankruptcy case associated with the adversary proceeding is BK No. 99-99999, an "Out of District Main Case" a Chapter 7, debtor "Created for Statistical Purposes" the case was filed on July 11, 2011 and was closed July 25, 2011.   Therefore their existed no active underlying bankruptcy case on August 3, 2025, to the present time and their exist no bankruptcy estate to administer.

Because main debtor bankruptcy case was filed on July 11, 2011  and as closed July 25, 201, the Appellant May 5, 2025, dismissed and dispose of state law claims cannot have any effect on administration of  an closed the year 2011

debtor's estate the adversary proceeding was neither a core or non-core proceeding.

The bankruptcy court August 7, 2025, contempt order should **_not_** be considered part of the bankruptcy underlying case of a **_debtor_**. *See In re Hipp, Inc.*, 895 F.2d 1503, 1517 (5th Cir. 1990) ("[C]ivil contempt's generally have been viewed as part of the underlying case."). The underlying bankruptcy main case BK. No. 99-99999, was closed on July 25, 2011.

Nor does the bankruptcy court August 7, 2025, Contempt Orders fall within one of the statutorily-enumerated examples of core proceedings because it was a "matter" concerning the administration of the debtor estate." 28 U.S.C. § 157(b)(2). Because the main case BK. No. 99-99999, was closed on July 25, 2011, before the August 3, 2025 Adversary proceeding was filed no bankruptcy estate came into existence. *Bass*, 171 F.3d at 1023.

Instead on August 7, 2025, the bankruptcy court lacked contempt authority and erred by issued a contempt order ordering the US Marshal's to pick the Appellant and Attorney Andersen up and bring them to the Court at the earliest possible date were they will be held in confinement *until both together execute a Voluntary Dismissal with Prejudice of the Adversary Proceeding* , they will be held in confinement with the ability to sign it violates due process right.

20 | P a g e

The bankruptcy court cannot **_lawfully_** threaten to imprison the Appellant as a way to force the Appellant to voluntarily dismiss an adversary proceeding (the "State Court Case"). The bankruptcy court improper coercive tactic abuses the bankruptcy court's contempt powers. Using illegal confinement as punishment to coerce the dismissal of a bankruptcy adversary proceeding is a serious crime that constitutes bad-faith conduct and abuse of the legal process. In either case, imprisoning anyone for refusing to perform a "voluntary" act is an abuse of the judicial power. A voluntary dismissal of an adversary proceeding must be an uncoerced choice by the party. Since a party cannot be compelled to "voluntarily" dismiss a case, confinement cannot be used for this purpose. A forced dismissal under the threat of confinement would be the product of duress, not a voluntary act.

### E. The Bankruptcy Court lacks jurisdiction to issue *nunc pro tunc* orders to earlier date at time when the court had no subject matter jurisdiction.

The U.S. Supreme Court issued a *Per Curiam* decision in *Archdiocese of San Juan v. Acevedo Feliciano*, 140 S. Ct. 696 (2020) strictly limited the ability of federal courts to enter orders *nunc pro tunc*[GF1] [1]. Invoking the plain meaning of language, the Supreme Court in *Acevedo* explained what *nunc pro tunc* means, and it does not mean "retroactive." The Court said that a *nunc pro tunc* order must "'reflect[] the reality'" of what has occurred. A *nunc pro tunc* order, the Court said,

"presupposes" that a court has made a decree that was not entered on account of "inadvertence." Id. at 700-01.   Stated another way, *nunc pro tunc* orders are appropriate only if the court makes a ruling but fails to enter an order at the time. *Acevedo* holds that a court **cannot** make an order effective as of an earlier date at which time the court had no subject matter jurisdiction. Importantly from a bankruptcy perspective, the Supreme Court essentially banned the oft-used term *"nunc pro tunc"* from the bankruptcy lexicon.   Federal courts may issue nunc pro tunc orders, or "now for then" orders, Black's Law Dictionary, at 1287, to "reflect the reality" of what has already occurred, <u>Missouri v. Jenkins</u>, 495 U. S. 33, 49 (1990). "Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court." <u>Cuebas y Arredondo v. Cuebas y Arredondo</u>, 223 U. S. 376, 390 (1912). Put colorfully, "[n]unc pro tunc orders are not some Orwellian vehicle for revisionist history—creating "facts' that never occurred in fact."

Put plainly, the court "cannot make the record of what it is not." <u>Jenkins</u> 495 U. S., at 49. On August 7, 2025, bankruptcy court issued an "Order Vacating certain Orders Issued Prior to Removal" by way of *nunc pro tunc* judgment stating that orders at a earlier time when the bankruptcy court lacked jurisdiction.

Nothing occurred in the bankruptcy court on May 2, 2025, instead this is

when the Harris County Civil Court at Law Number 2 in Case No. 1249845, signed the Agreed Temporary Injunction at which time the bankruptcy court had no subject matter jurisdiction.

Nothing occurred in the bankruptcy court on May 6, 2025, instead this is when the Harris County Civil Court at Law Number 2 in Case No. 1249845, approved the Ernesto Simpson and by PCF Properties in Texas LLC (by Omar Perez) Rule 11 Settlement Agreement and Release at which time the bankruptcy court had no subject matter jurisdiction.

Nothing occurred in the bankruptcy court on May 8, 2025, instead this is when the Harris County Civil Court at Law Number 2 in Case No. 1249845, signed the Agreed Final Judgment and Permanent Injunction at which time the bankruptcy court had no subject matter jurisdiction. *Acevedo* holds that a court cannot make an order effective as of an earlier date at which time the court had no subject matter jurisdiction renders the an *nunc pro tunc* orders void. The bankruptcy court took all these action violation of the Appellant bankruptcy stay

## CONCLUSION

For the foregoing reasons, Appellant Accordingly, the bankruptcy court's orders should be REVERSED, and the case remanded back to state court for any and  further relief that deems just and proper.

Respectfully submitted

/s/ **Ernesto  Simpson**
Ernesto Simpson Pro, Se
8202 Terra Valley Lane
Tomball Tx. 77375

ernestosimpson122@gmail.com

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f): this document contains 5,265  words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2013, in font size 14 in Times New Roman.

/s/ **Ernesto Simpson**

## CERTIFICATE OF SERVICE

I certify that on October 14, 2025, I served the parties of foregoing Appellant brief and accompanying attachments by e-mail and via US Postal Service regular mail on the counsel listed below and via the Court's CM/ECF system upon all parties registered to receive electronic notice of this appeal case

Alzadia Spires
17515 Spring Cypress Suit #C630
Cypress Tx 77429
Via-alzadia@spireslawfirm.com

*Appellee PCF Properties in Texas LLC*

/s/ **Ernesto Simpson**

26 | P a g e